IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BETTY ROMEL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| **BRINKER INTERNATIONAL, INC.** | § | |
| **and BRINKER INTERNATIONAL** | § | |
| **PAYROLL COMPANY, L.P.,** | § | |
| | § | |
| Defendants. | § | **[JURY TRIAL DEMANDED]** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Betty Romel ("Romel" or "Plaintiff") brings this action to recover unpaid wages from Brinker International, Inc. ("Brinker, Inc.") and Brinker International Payroll Company, L.P. ("Brinker, L.P.") (collectively, "Defendants" or "Brinker").

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* In order to apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions: 1) The employer must inform the employee that

it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. *Id.*

3. Brinker violated the FLSA by requiring Romel to participate in an invalid tip pool, whereby Plaintiff was required to pay a percentage of her tips to Brinker, which then distributed that portion of tips to employees who did not customarily and regularly receive tips. Accordingly, Romel brings this action to recover unpaid wages under § 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

5. Romel's claims arise under §§ 3(m), 6(a), and 16(b) of the FLSA. 29 U.S.C. §§ 203(m), 206(a), and 216(b). In connection with the acts and course of conduct alleged in this complaint, Romel engaged in commerce or in the production of goods for commerce. Further, Defendants constitute employers that engaged in commerce or in the production of goods for commerce and are, therefore, covered by the FLSA.

6. Venue is proper in the Southern District of Texas – Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

## III. THE PARTIES

7. Plaintiff Romel is a resident of Corpus Christi, Nueces County, Texas. Romel was an employee employed by Brinker within the meaning of the FLSA.

8. Defendant Brinker, Inc. is a Delaware corporation that owns and operates full-service casual dining restaurants under the trade names of Chili's Grill & Bar, Corner Bakery Café, On the Border Mexican Grill and Cantina, Maggiano's Little Italy, Romano's Macaroni Grill, Rockfish Seafood Grill, and others. Upon information and belief, the restaurants owned and

operated by Brinker, Inc. are wholly or majority-owned subsidiaries of Brinker, Inc. While these subsidiaries are formally separate companies, they are managed as a single entity, at least for employment purposes, and all business and personnel policies for the subsidiaries are promulgated by Brinker, Inc. Furthermore, Brinker, Inc. is an "employer" under the FLSA and acted as such in relation to Romel. Brinker, Inc. may be served with process through its registered agent, Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

9.  Defendant Brinker, L.P. is a Delaware limited partnership. Brinker, L.P. is an "employer" under the FLSA and acted as such in relation to Romel. Brinker, L.P. may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

### IV. FACTS UNDERLYING THE CLAIMS

10.  Romel is a former server at Brinker's Chili's Grill & Bar ("Chili's") located in Corpus Christi, Texas. Brinker paid Romel less than minimum wage, taking advantage of a tip credit, which allowed Brinker to include in its calculation of Romel's wages a portion of the amounts that Romel received in tips. Brinker required Romel to contribute a portion of her total gross sales during each shift to a tip pool controlled by Brinker. Brinker then distributed the entire tip pool between bartenders, bussers, and Quality Assurance workers ("QAs").

11.  Brinker's QAs at its Chili's restaurants are not tipped employees. Because Romel, as a tipped employee, was only required to contribute to a tip pool from which other tipped employees would draw, she should have been paid at least minimum wage during those shifts where she was required to tip-out a QA. 29 U.S.C. § 203(m). Because Brinker's QAs at the Chili's restaurant where Romel worked received a portion of Romel's tips, Brinker's practice was in clear violation of the FLSA.

3

12.　Brinker knew or should have known that its policies and practices violated the FLSA, and Brinker did not make a good faith effort to comply with the FLSA. Rather, Brinker knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice regarding tip-out to Brinker's QAs at the Chili's restaurant where Romel worked.

### V. CAUSES OF ACTION

13.　Plaintiff incorporates herein all allegations contained in paragraphs 1 through 12.

14.　Brinker's practice of requiring Romel to pay a percentage of her tips to Brinker's QAs at the Chili's restaurant where Romel worked was in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, Romel is entitled to minimum wage for each hour she worked during shifts where she was required to pay a percentage of her tips to a QA. *Id.*

15.　Additionally, Romel is entitled to an amount equal to all her unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

### VII. JURY DEMAND

16.　Romel hereby demands a trial by jury.

### VIII. PRAYER

17.　WHEREFORE, Romel respectfully requests that judgment be entered in her favor, awarding her:

   a. minimum wage for each hour she worked during shifts where she was required to pay a percentage of her tips to a QA;

   b. an equal amount as liquidated damages as allowed under the FLSA;

   c. an injunction against further violations;

   d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   e. such other and further relief as may be required by law.

Respectfully submitted,

By: /s/ Daryl J. Sinkule
MARTIN A. SHELLIST
State Bar No. 00786487
Federal ID No. 16456
DARYL J. SINKULE
State Bar No. 24037502
Federal ID No. 34842
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF**
**BETTY ROMEL**

**OF COUNSEL:**
SHELLIST ✯ LAZARZ LLP

5